# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2019

Lyle W. Cayce
Clerk

No. 19-10474
Summary Calendar

TIMOTHY GREENE,

Petitioner-Appellant

v.

MAUREEN UNDERWOOD, Warden, FCI Seagoville,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Timothy Greene, former federal prisoner # 24445-149, appeals the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition as premature. Greene challenged the calculation of his scheduled release date from Bureau of Prison (BOP) custody in light of the First Step Act of 2018's (FSA) provisions regarding good conduct time. *See* FSA, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Relevant to Greene's claim, the FSA amended 18 U.S.C. § 3624(b) so that federal inmates can earn up to 54 days of good conduct time for every year of their imposed sentence rather than for every year of their sentence served.

No. 19-10474

Upon his conviction for bank robbery and carrying a firearm during the commission of a crime of violence, Greene was sentenced to 222 months of incarceration and five years of supervised release. On July 19, 2019, during the pendency of this appeal, Greene was released from BOP custody. Nevertheless, because "a district court may exercise its discretion to modify an individual's term of supervised release, taking into account that an individual has been incarcerated beyond the proper expiration of his prison term," this appeal is not moot. *Johnson v. Pettiford*, 422 F.3d 917, 918 (5th Cir. 2006).

As the district court noted, the good-time calculation provisions of the FSA became effective only once the attorney general completed the "risk and needs assessment system," which was required to be completed within 210 days of the December 21, 2018 enactment.  *See* Pub. L. No. 115-391 § 102(b)(2), 132 Stat. 5213 (2018) ("The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system . . . ."). Because the relevant provisions were not yet effective when Greene filed his § 2241 petition, the district court did not err in dismissing his petition without prejudice as premature. Therefore, we AFFIRM.  Greene's motion for expedited consideration of his appeal, appointment of counsel, and release pending appeal is DENIED.